SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

PAUL CIRINO
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
Tel: (202) 514-1542
Fax: (202) 514-8865
Email: paul.cirino@usdoj.gov

*Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and SIERRA CLUB,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>GINA McCARTHY, Administrator,<br>U.S. Environmental Protection Agency,<br><br>　　　　　Defendant. | Case No. 3:11-cv-00190 WHA<br><br>**JOINT MOTION TO DISMISS** |

　　　　Plaintiffs WildEarth Guardians and Sierra Club and Defendant Gina McCarthy, Administrator of the United States Environmental Protection Agency ("EPA") respectfully submit this Joint Motion to Dismiss.  The parties have amicably resolved their dispute concerning EPA's compliance with the Consent Decree in this case.

　　　　In support of this motion, the Parties jointly state as follows:

　　　　1.　　On July 6, 2011, Plaintiffs filed an amended complaint (the "Complaint") in this matter against Defendant Lisa P. Jackson, in her then official capacity as EPA Administrator,

alleging that EPA has failed to undertake certain nondiscretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure was actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2).  Specifically, Plaintiffs alleged that EPA had failed to perform duties mandated by CAA section 110(k)(2) and (3), 42 U.S.C. § 7410(k)(2) and (3), to take final action on the State Implementation Plan ("SIP") submittals or portions of submittals meeting applicable requirements of CAA section 110(a)(2), 42 U.S.C. § 7410(a)(2), for Alabama, Connecticut, Florida, Mississippi, North Carolina, Tennessee, Indiana, Maine, Ohio, New Mexico, Delaware, Kentucky, Nevada, Arkansas, New Hampshire, South Carolina, Massachusetts, Arizona, Georgia and West Virginia with regard to the 2006 National Ambient Air Quality Standard ("NAAQS") for fine particulate matter, known as PM2.5.

2. On October 20, 2011, the Court entered a Consent Decree resolving this case (ECF No. 48), which set forth deadlines for the taking of final action on the SIP submittals or portions of submittals meeting applicable requirements of CAA Section 110(a)(2), 42 U.S.C. § 7410(a)(2), for Alabama, Arkansas, Arizona, Connecticut, Delaware, Florida, Georgia, Indiana, Kentucky, Maine, Massachusetts, Mississippi, New Hampshire, New Mexico, Nevada, North Carolina, Ohio, South Carolina, Tennessee, and West Virginia, with regard to the 2006 PM2.5 NAAQS, as defined in the Consent Decree.

3. The Consent Decree contains provisions that require EPA to sign for publication in the Federal Register a notice or notices of the Agency's final action either approving or disapproving, or approving in part and disapproving in part, the 2006 PM2.5 NAAQS Infrastructure SIP submittals for 20 states addressing the applicable requirements of Section 110(a)(2).  The specific provisions of Section 110(a)(2) at issue are summarized in the SIP Identification Chart, which is included as Attachment A to the Consent Decree.

4. Paragraph 27 of the Consent Decree also requires that the parties "file a joint request to the Court to dismiss this matter with prejudice within 15 business days after notice appears in the Federal Register of EPA taking the last rulemaking action required under Paragraphs 3-24 of this Consent Decree."  (ECF No. 48.)

5. On August 23, 2012, the parties submitted a Notice of Extension of Consent Decree Deadlines, in which deadlines involving specific portions of the SIP Submittals relating to Mississippi, Indiana, and Ohio were extended (ECF No. 58).

6. On September 20, 2012, the parties filed a Second Notice of Extension of Consent Decree Deadlines, in which other specific deadlines involving Alabama, Florida, Georgia, Indiana, Kentucky, Mississippi, North Carolina, South Carolina, and Tennessee, and West Virginia were extended (ECF No. 60).

7. On April 14, 2014, the parties notified the court that they disagreed as to whether EPA's most recent actions (relating to submittals by Indiana and Ohio) constituted the last rulemaking actions required under the Consent Decree.  (ECF No. 75).  The parties stated that the issue was not clear due to EPA's related obligations in a settlement agreement among the same parties that resolved a separate Clean Air Act deadline suit addressing similar issues in *Sierra Club and WildEarth Guardians v. Jackson*, No. 3:10-cv-4060-CRB (N.D. Cal.).  *Id.* at 2.  The parties notified the Court that they were attempting to resolve this disagreement amicably.  *Id.*

8. On June 16, 2014, the parties reported that they had amicably resolved their disagreement.  (ECF No. 76.)  In connection with an amended settlement agreement in Case No. 3:10-cv-4060, EPA agreed to issue, by September 5, 2014, a supplemental proposed action on a petition for rulemaking filed with EPA by Sierra Club.[1]  As part of the same agreement, EPA agreed to issue a final rule responding to Sierra Club's petition by May 22, 2015.

9. On September 8, 2014, the parties notified the Court that, on September 5, 2014, EPA issued a supplemental proposed action on a petition for rulemaking filed by Plaintiff Sierra Club.  (ECF No. 79.)  At the time, the parties stated that the issuance of EPA's final rule, due May

---

[1] Sierra Club's rulemaking petition relates to affirmative defenses for violations due to excess emissions in SIP provisions.  78 Fed. Reg. at 12,478-79.  On April 18, 2014, the United States Court of Appeals for the District of Columbia Circuit issued its opinion in *Natural Resources Defense Council v. EPA*, No. 10-1371, 10-1378, 13-1112 (D.C. Cir.).  In that case, the court held that the CAA does not allow EPA to create affirmative defenses in its own regulations promulgated under CAA Section 112 for violations due to excess emissions during malfunctions.  *Id.*, Slip. Op. at 3.  Thus, EPA has to issue a supplemental proposal in order to address the impacts of this recent decision on EPA's response to the petition for rulemaking concerning affirmative defense provisions in SIPs.

22, 2015, "should moot any disagreement the parties have about EPA's compliance with the consent decree in this case." The Court subsequently ordered the parties to submit a further status update by June 5, 2015. (ECF No. 80.)

10. On or about November 5, 2014, the parties settled Plaintiffs' supplemental claim for costs of litigation, including attorney fees. EPA has made the payment to Plaintiffs required by this settlement.

11. The parties no longer dispute whether EPA has completed the last rulemaking action required under the Consent Decree for the purpose of this case only and ask the Court to dismiss this case with prejudice.

For the foregoing reasons, Plaintiffs and EPA jointly request that the Court dismiss this action with prejudice.

Respectfully submitted,

Dated: December 31, 2014

/s/ *Robert Ukeiley* (with permission)
ROBERT UKEILEY, Admitted *Pro Hac Vice*
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, Colorado  80302
(303) 442-4033
rukeiley@igc.org
*Attorney for Plaintiffs WildEarth Guardians and Sierra Club*

Dated: December 31, 2014

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ *Paul Cirino*
PAUL CIRINO
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
(202) 514-1542
*Attorneys for Defendants Gina McCarthy and U.S. Environmental Protection Agency*

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

PAUL CIRINO
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
Tel: (202) 514-1542
Fax: (202) 514-8865
Email: paul.cirino@usdoj.gov

*Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and SIERRA CLUB,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>GINA McCARTHY, Administrator, U.S. Environmental Protection Agency,<br><br>　　　　　　　Defendant. | Case No. 3:11-cv-00190 WHA<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION TO DISMISS** |

Upon consideration of the Joint Motion to Dismiss, IT IS HEREBY ORDERED that this case is hereby DISMISSED WITH PREJUDICE.

Date:  December 31, 2014.　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HON. WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE